1844.

Cowman
v.
Lovett.

----

## Cowman *vs.* Lovett and Gillender.

Where a motion to dissolve an injunction in a suit pending before the chancellor is referred to a vice chancellor to be heard and decided, such reference does not carry the whole cause to the vice chancellor, so as to give him jurisdiction, upon the decision of that motion, to make an order allowing an amendment of the complainant's bill. But if he thinks the injunction should be dissolved, without prejudice to the complainant's right to apply to renew it upon an amended bill, he should make an order accordingly; and should leave the complainant to make his application to the chancellor for liberty to amend and to have the injunction restored upon such amended bill.

An application to set aside a proceeding for an irregularity which is merely technical, must be made the first opportunity.

The defendant cannot put in a demurrer, to the complainant's bill, under a chamber order extending the time to answer, after the usual time for answering has expired. But where the complainant amends his bill after such an order, the defendant has forty days to demur, as well as to answer, after the service of a copy of the amendment upon him.

Where the complainant amends, after answer, if he waives a further answer to the amendments, he must give notice to the defendant of such waiver, and that the defendant will be considered as having elected to let his former answer stand as an answer to the bill as amended unless he answers such amended bill within forty days.

A new order to answer is necessary where the complainant amends his bill before the defendant has answered the original bill.

This case came before the chancellor upon three distinct motions. The first was an application, on the part of the defendant Lovett, to vacate or discharge so much of the order of the vice chancellor of the first circuit as allowed the complainant to amend his bill and to move to reinstate the injunction which was dissolved by such order. The second was an application, on the part of the complainant,

March 5.

to take the demurrer of the defendant Lovett off the files of the court, for irregularity. And the third was a motion, on the part of the defendant Lovett, for leave to file a new demurrer to the complainant's amended bill in case the motion on the part of the complainant should be granted.

*M. T. Reynolds*, for the complainant.

*D. D. Field*, for the defendant Lovett.

THE CHANCELLOR. The motion to vacate or discharge a part of the order of the vice chancellor, of the 6th of November, 1843, allowing the complainant to amend, &c. is not properly made to this court, and must be denied. But I am inclined to think that the part of the order complained of was erroneous, if not irregular. The cause was commenced and was pending before the chancellor. And the reference to the vice chancellor of the motion to dissolve the injunction, did not give him jurisdiction to make an order to amend the bill, in the suit which was still pending before the chancellor. The proper order therefore would have been that the injunction be dissolved, but without prejudice to the complainant's right to apply to the chancellor to renew the injunction upon an amended bill ; thereby leaving the complainant to apply here to amend his bill, and to have the injunction restored, if he thought proper to make such an application. But as this order is not entered in the suit before me, but in the office of the clerk of the vice chancellor, if it is erroneous it can only be brought before me upon appeal. And if it is irregular merely, the proper course is to apply to the vice chancellor himself, to correct the supposed irregularity in the proceedings before him. The order of the 6th of December, 1843, was not intended to declare the right of the defendant to apply here for relief, but merely to reserve to him the privilege of applying here, if upon examination of the question his counsel should advise him to apply here to set aside the order, as well as the amendments which had been filed under the supposed authority contained in such order. So much of

that motion as seeks to have the amendments stricken from the files must also be denied. For there is no proof of the service of Hall's affidavit, of the 8th of January, to be used upon this motion, the due service of which affidavit is denied. And without that affidavit there is nothing to show that the amendments have not been duly filed, under an order made by the proper officer of the court before whom the suit was pending. Again ; the amendments were served as early as the 15th of November, and the alleged irregularity may be considered as only technical at most. In such cases the application to set aside the proceedings must bema de the first opportunity.

Considered as a demurrer to the original bill, the demurrer filed by the defendant Lovett was clearly irregular. For the time for answering the original bill expired on the 28th of November ; and the defendant could not put in a demurrer under the chamber order for further time to answer, which was granted by the vice chancellor on that day. (*Burrall* v. *Raineteaux*, 2 *Paige's Rep.* 331.) But the amendments to the bill being now considered as regularly made, and served on the 15th of November, the defendant Lovett had forty days from that time to answer or demur to the amended bill, under the provisions of the 45th rule of this court. Where the bill is amended after answer, if the complainant requires a further answer to the amended bill, he must enter a new order, that the defendants answer the amendments within forty days or that the bill as amended will be taken as confessed, or that an attachment issue, if a discovery is required in answer to the amendments. (8 *Paige's Rep.* 595.) And even where an answer to the amendments is waived, where an answer to the original bill has already been filed, the complainant must give a notice of such waiver, and that unless the defendant shall answer the amended bill within forty days he will be considered as having elected to let his former answer stand as an answer to the bill as amended.

But the practice does not appear to be settled, as to the necessity of a new order to answer the amended bill, where

the amendments are made before any answer, plea or demurrer to the original bill has been filed. I am inclined to think, however, that the proper practice in such a case is to enter a new order, to answer the bill as amended ; giving the same time to answer which the defendant originally had, in conformity with the provision on that subject contained in the 45th rule. And a notice of such order, to answer the bill as amended, should be served on the defendant's solicitor. In this case no such order appears to have been entered, nor was any new notice served with the amendments to the bill. I think, therefore, this demurrer was filed and served in time to make it regular, as a demurrer to the bill as amended, notwithstanding the chamber order of the 23d of November ; which order could only be of use, to extend the time to answer the original bill, in case the defendant should succeed in setting aside the amendments as irregularly filed. The demurrer must therefore be permitted to stand as a regular demurrer to the bill as amended. And neither party is to have costs as against the other upon these applications.

The cause being now in readiness for hearing, upon the amended bill and the demurrer thereto, it is referred to the vice chancellor of the first circuit to hear and decide the case upon such demurrer.