Scudder *v.* Voorhis.

did offer a third bill, more particular as to items and dates, but it was declined, as being insufficient and irregular.

SAME TERM.    *Before the same Justice.*

SCUDDER and others *vs.* VOORHIS.

If the plaintiff amends his bill, by adding new parties, after the defendant's default for want of an appearance has been entered, he thereby waives the default.

IN EQUITY.    Motion to set aside an order taking bill as confessed against the defendant Abraham Voorhis for want of appearance.    It was shown that the plaintiffs, after taking the bill *pro confesso*, had amended their bill by adding defendants; without having taken out any new subpœna.    After the default, on the original subpœna, was entered, the defendant Voorhis

entered an appearance and asked the plaintiff's solicitor to waive the order *pro confesso ;* which was refused.

*C. Edwards,* for the defendant Voorhis, referred to 1 *Dan. Ch. Pr.* 519.

*R. Manning,* for the plaintiff.

EDMONDS, J.   The motion is granted.   The plaintiffs, by amending their bill, waived the default.   This must be so, or the case might assume this anomaly : that the defendant's default might be taken on the original bill, and his answer be received on the bill as amended.(*a*)

(*a*) In *The Bank of Utica* v. *Finch and others,* (1 *Barb. Ch. Rep.* 75,) the chancellor decided that where an original bill is taken as confessed, and an amended bill is subsequently filed, making other persons parties, the order *pro confesso* is thereby opened.   By the English practice a new subpœna is issued upon filing an amended bill, requiring the defendant to appear and answer the same.   But here no new subpœna is necessary, except to bring in new defendants who are made parties by the amendment.   (*Lawrence* v. *Bolton,* 3 *Paige,* 294.)   In *Cowman* v. *Lovett,* (10 *Paige,* 561,) the chancellor says the practice does not appear to be settled as to the necessity of a new order to answer the amended bill where the amendments are made before any answer, plea or demurrer to the original bill has been filed.   He was inclined to think, however, that the proper practice in such cases is to enter a new order to answer the bill as amended ; giving the same time to answer which the defendant originally had, in conformity to the provisions on that subject contained in the 45th rule of the court of chancery.   And he held that a notice of such order to answer the bill as amended should be served on the defendant's solicitor.

There does not appear to be any reported decision defining the practice upon an amended bill, where the defendant has not appeared to the original bill.   Under the former rules of the court of chancery, where the subpœna was personally served, if the defendant did not appear, the complainant entered an order that the defendant appear and answer the bill within the time prescribed by the rule, or that the bill be taken as confessed.   And where the bill was amended, the complainant entered a similar order for him to appear and answer the amended bill.   But as the 23d rule of the court of chancery as adopted in 1837, and the 13th rule of the new supreme court, in equity, allow the bill to be taken as confessed, for want of appearance, without any previous order to appear and answer, the proper course seems to be for the complainant, after the bill is amended, to wait the twenty days allowed to the defendant for appearing, and if he does not enter his appearance within that time, then to file an affidavit of the fact, and enter an order to take the amended bill as confessed for want of an appearance.